1. There was no error in admitting the evidence as to the common variance between the register tonnage and actual burthen. It was competent to show the circumstances under which the contract was made, and was incompetent only on the ground that the statement of the tonnage was a warranty, which I will by and by consider.
2. Nor any in excluding evidence as to a vessel of 140 tons register getting freight or shippers getting insurance on her as readily as if 190 tons. These were considerations addressed to the parties themselves and not to the court. It was their business to have looked out for that, and the evidence could not have changed the contract. The legitimate effect of the evidence would have been to let the defendants off because they had made a bad bargain.
3. The objection that the court excluded the evidence as to the underwriters refusing to insure is liable to the same answer. The evidence tended merely to show that the defendants had made a bad bargain.
4. The statement of the tonnage of the vessel was mere matter of description, as much so as the words that followed, "Now lying in the harbor of New York." *Page 266 
And I confess. I do not comprehend the argument that a representation which is neither a warranty nor fraudulent, is good ground of an action when material.
5. As to damages, the true rule was laid down to the jury; for the hazard of getting a return cargo, and what might have been made or lost upon the return voyage, is altogether too remote to enter into the account between these parties.
Judgment affirmed.